UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRON THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 16-2157 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# ORDER AND OPINION

This matter is now before the Court on Petitioner Thomas's § 2255 Motion [1] to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Thomas's Motion [1] is DENIED

**BACKGROUND**

On May 5, 2006, Petitioner Thomas was charged by way of indictment with six counts: (Count 1) Conspiracy to Commit Armed Bank Robbery, to Commit Robbery, and to Carry and Use a Firearm During and in Relation to and to Possess a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 371; (Count 6) Armed Robbery, in violation of 18 U.S.C. §§ 1951 and 1952; (Count 7) Carrying and Using a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c); (Count 8) Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d); (Count 9) Carrying and Using a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c); and (Count 10) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On October 12, 2006, Thomas entered an open plea of guilty to each of the six counts. *United States v. Williams et al*, No. 06-20032-4 (C.D. Ill. 2006).

In a Presentence Investigation Report ("PSR"), the Probation Office determined that Thomas's total offense level after a three point reduction for acceptance of responsibility was 30.

1

Thomas qualified as an Armed Career Criminal under 18 U.S.C. § 924(e)(1) and (e)(2) and the Guidelines, based on three prior convictions: unlawful possession of a controlled substance with intent to deliver, a juvenile conviction for attempted armed robbery, and a juvenile conviction for home invasion. The PSR noted that because Thomas used a firearm (as charged in Count 10) in relation to a crime of violence (Armed Bank Robbery), his offense level would ordinarily be set at 34, with a three-level reduction for acceptance of responsibility yielding a total offense level of 31. See USSG § 4B1.4(b)(3)(a). However, because Thomas was also being sentenced for his § 924(c) conviction, USSG § 4B1.4 n.2 provided that the offense levels set forth in § 4B1.4(b)(3)(A) and (c)(2) would not apply. Thus, Thomas's total offense level after chapter four enhancements remained at 30.

Prior to his sentencing on March 13, 2007, the Court granted the United States' motion to dismiss Count 10, the charge of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). This charge was the only offense subjecting Thomas to either Armed Career Criminal or Career Offender status. The Court also granted the United States' motion for downward departure for Thomas's substantial assistance to the government. Thomas was then sentenced to an aggregate term of 444 months of imprisonment. He received concurrent terms of 60 months, 135 months, and 135 months for Counts 1, 6, and 8, followed by a consecutive term of 120 months on Count 7, and followed by another consecutive term of 189 months on Count 9. Thomas did not appeal.

In his instant § 2255 motion, Thomas argues that he no longer qualifies as an Armed Career Criminal in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015). Additionally, Thomas argues that he is actually innocent of Counts 7 and 9 because § 924(c) was invalidated by *Johnson*, making his bank robbery and Hobbs act robbery no longer qualifying predicate

"crimes of violence." In response, the United States argues that *Johnson* has no impact on Thomas's sentence because the only conviction which subjected him to Armed Career Criminal status was dismissed prior to sentencing. Further, the United States argues that *Johnson* has no bearing on the residual clause in 18 U.S.C. § 924(c), and even if it did, Thomas's predicate offenses fell under the "use of force" or "elements" clause, not the residual clause.

## LEGAL STANDARD

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310,

3

313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

## ANALYSIS

### (1) *Johnson* is Inapplicable Because Petitioner was not Sentenced Under the Armed Career Criminal Act

Petitioner first argues that he no longer qualifies as an Armed Career Criminal in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015). *Johnson* held that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague in violation of the Due Process Clause. 135 S. Ct. at 2557. Here, although Thomas qualified for an enhanced sentence under the ACCA, the only count which subjected him to the enhanced sentence under the statute—possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1)—was dismissed prior to sentencing. Therefore, because Thomas was never sentenced as an Armed Career Criminal under § 924(e)(2), his first claim is denied.

### (2) *Johnson* Applies to § 924(c), but Thomas's Predicate Offenses for Bank Robbery and Hobbs Act Robbery still Qualify as Crimes of Violence

Additionally, Thomas argues that he is actually innocent of Counts 7 and 9 because § 924(c) was invalidated by *Johnson*, making his bank robbery and Hobbs act robbery no longer qualifying predicate "crimes of violence." Section 924(c) defines the term "crime of violence" as:

> [A]n offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*.

§ 924(c)(3) (emphasis added).

In *United States v. Vivas–Ceja*, the Seventh Circuit held that the residual clause in 18 U.S.C. § 16(b) was unconstitutionally vague. 808 F.3d 719, 721 (7th Cir. 2015). Because the residual clause in § 16(b) and § 924(c) are identical, the Seventh Circuit subsequently held that § 924(c)'s residual clause is unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016). Thus, Thomas's underlying convictions—Armed (Hobbs Act) Robbery, in violation of 18 USC §§ 1951 and 1952, and Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d)—must fall under subsection (A) to remain valid. In other words, the underlying convictions must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." See § 924(c)(3)(A); *Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016); *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016).

Thomas was convicted of Count 8, Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d). The Seventh Circuit has specifically addressed whether those crimes fall within the elements clause of §924(c)(3)(A). In *United States v. Armour*, the Seventh Circuit held that attempted Armed Bank Robbery under 18 U.S.C. § 2113(a) and (d) falls under the elements clause. 840 F.3d 904 (7th Cir. 2016) ("Thus, for the same reasons that robbery by intimidation under § 2113(a) qualifies as a crime of violence under § 924(c), so does robbery by assault by a dangerous weapon or device under § 2113(d).").

Thomas was also convicted of Hobbs Act Robbery, 18 U.SC. § 1951 and 1952. In *United States v. Anglin*, the Seventh Circuit held that a conviction for Hobbs Act robbery can serve as a predicate crime of violence under the elements clause, § 924(c)(3)(A). 846 F.3d 954, 964 (7th Cir. 2017). The court reasoned that the Hobbs Act defines robbery "as the taking of personal property 'by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property.' 18 U.S.C. § 1951(b)(1)." *Id*. at 965. Because "[c]omitting such

an act necessarily requires using or threatening force," it qualifies as a crime of violence under § 924(c)'s elements clause "it was a valid predicate for [Thomas's] § 924(c) … conviction." See *Anglin*, 846 F.3d at 965. Finally, to the extent that Tomas's arguments are directed to the Guidelines, the Supreme Court has recently held that the Sentencing Guidelines are not subject to vagueness challenges under the Fifth Amendment Due Process Clause. See *Beckles v. United States*, 137 S. Ct. 886 (Mar. 6, 2017).

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist could conclude that Thomas made a substantial showing of the denial of a constitutional right because his arguments are squarely foreclosed by Seventh Circuit precedent. Accordingly, this Court will not issue a certificate of appealability.

### CONCLUSION

For the reasons stated above, Petitioner's Motion [1] is DENIED.

This matter is now terminated.

Signed on this 4th day of May, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge